**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| 425 Third Street, S.W., Suite 800 ) | |
| Washington, DC 20024, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| 950 Pennsylvania Avenue, N.W., ) | |
| Washington, DC 20530, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## <u>COMPLAINT</u>

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of

Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

As grounds therefor, Plaintiff alleges as follows:

## <u>JURISDICTION AND VENUE</u>

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## <u>PARTIES</u>

3.     Plaintiff Judicial Watch, Inc. is a not-for-profit, educational foundation organized

under the laws of the District of Columbia and has its principal place of business at 425 Third

Street, S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency,

accountability, and integrity in government, politics, and the law.  As part of its educational

mission, Plaintiff regularly requests records under FOIA to shed light on the operations of the

federal government and to educate the public about these operations.  Plaintiff then analyzes the

agency records and disseminates the results of its analysis, as well as the records themselves, to

the public.

4.      Defendant U.S. Department of Justice is an agency of the United States

government and is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530.

Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On March 10, 2014, Plaintiff submitted a FOIA request to Defendant by certified

mail, seeking access to:

> Any and all records of communication between employees or
> officials of the Office of Deputy Attorney General James Cole and
> representatives of the Federal Defenders, the ACLU, FAMM, the
> ABA and NACDL related to, in connection with or regarding the
> 'Clemency Project 2014' from January 1, 2014 to the present date.

6.      According to the United States Postal Service records, Plaintiff's FOIA request

was delivered to defendant on March 19, 2014.

7.      On May 16, 2014, Plaintiff sent a letter by certified mail to Defendant requesting

a status update regarding Plaintiff's FOIA request sent on March 10, 2014.

8.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Defendant was required to determine

whether to comply with Plaintiff's request within twenty (20) working days after its receipt of

the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the

right to appeal any adverse determination.  Defendant's determination was due by April 16,

2014.

9.      As of the date of this complaint, the Defendant has failed to: (i) determine

whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the

reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

10.     Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

11.     Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

13.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and

proper.

Dated: June 23, 2014

Respectfully Submitted,

/s/ Jason B. Aldrich
D.C. Bar No. 495488
JUDICIAL WATCH, INC.
425 Third Street, SW, Suite 800
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*